Carolin Kay Shining, Esq. (SBN 201140)
Brian D. Park, Esq. (SBN 248994)
**SHINING & PARK LAW LLP**
475 Washington Blvd.
Second Floor
Marina del Rey, CA 90292
Office: (310) 439-3714
Direct: (310) 490-4383
cshining@shiningandpark.com
bpark@shiningandpark.com

*Attorneys for Plaintiff,*
*JOHN DOE*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE, *an individual,* | **Case No.:** |
| Plaintiff, | **COMPLAINT** |
| vs. | **CAUSE OF ACTION NO. 1**<br>(Violation of 42 U.S.C. § 1983 For Violation of Civil Rights Based on Informational Privacy) |
| CARLOS PALACIOS, *an individual and in his capacity as the County Administrative Officer for the County of Santa Cruz;* HEATHER ROGERS, *an individual and her capacity as the Public Defender for the County of Santa Cruz*; THE COUNTY OF SANTA CRUZ; THE COUNTY OF SANTA CRUZ - PUBLIC DEFENDERS OFFICE; and DOES 1 through 5, inclusive, | **CAUSE OF ACTION NO. 2**<br>(Violation of Article 1, Section 1 of the California Constitution and the Right to Privacy) |
| | **CAUSE OF ACTION NO. 3**<br>(Breach of Medical Privacy – Gov't Code Section 12940(e)) |
| Defendants. | **CAUSE OF ACTION NO. 4**<br>(Discrimination and Retaliation in Violation of the California Medical Information Act (CMIA) Section 56 et seq.) |
| | **CAUSE OF ACTION NO. 5**<br>(Discriminatory Failure to Hire in Violation of Gov't Code Section 12940 *et seq* and 11030) |

**CAUSE OF ACTION NO. 6**
**(Unfair Competition - California Bus. and Prof. Code § 17200)**

**DEMAND FOR JURY TRIAL**

**Complaint Filed:**
**Trial Date:**

COMES NOW PLAINTIFF JOHN DOE, ("DOE" or "Plaintiff") and alleges as follows:

## NATURE OF THE ACTION

1. The right to medical privacy is one of the most foundational rights in our society.

2. All people are owed the utmost in dignity and privacy with regard to their health, decisions and well-being.

3. No one should be forced to choose between their livelihood and disclosure of their private medical histories.

4. As a transgender person, Plaintiff John Doe's right to privacy regarding his medical history and personal being should have been honored by his employer, but it was not.

5. Plaintiff is identified JOHN DOE pursuant to Fed.R.Civ.P. 10(a) & 17(a)(1) "A party may preserve his or her anonymity in judicial proceedings in special circumstances." *See also DOES I Through XXIII v. Advanced Textile Corp.* 214 F.3d 1058, 1068 (9th Cir. 2000).

6. Factors on which this pseudonym filing is made include the "highly sensitive and [of a] personal nature," and "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties…" *Sealed Plaintiff v. Sealed Defendant # 1,* 537 F.3d 185, 190 (2d Cir. 2008) (citations

8. omitted).

9. For these preliminary filings, Plaintiff expects to immediately file a motion to seal or request for a protective order under the factors enumerated by the 9th Circuit in *DOES I THROUGH XXIII, supra.*

10. On or about August 16, 2004, Plaintiff John Doe, ("DOE" or "Plaintiff") began work as an investigator for the Santa Cruz County Public Defender's office ("Public Defender") through a third-party contractor up to and including relevant portions of 2022.

11. Plaintiff was employed in this capacity on behalf of Santa Cruz County and the Santa Cruz Public Defenders Office as a Chief Investigator.

12. Defendants violated numerous rights of Plaintiff to his personal medical privacy, freedom from discriminatory failure to hire and unfair competition when it demanded that Plaintiff reveal his transgender status as a condition precedent to maintaining his livelihood as a Public Defender Investigator and continuing to serve the citizens of Santa Cruz County.

13. Plaintiff John Doe has suffered significant economic and other harms because of the actions of Defendants in this case, which forcefully made him decide between his beloved career as an 18-year veteran of the Santa Cruz Public Defenders and maintaining his personal privacy.

14. Plaintiff has brought this action, not only on his own behalf, but to seek an injunction barring the County of Santa Cruz and its public defender office from engaging in the type of intrusive medical screening of potential staff in violation of important privacy rights and employee protections both under the U.S. Constitution, the California constitution, common law privacy rights and other applicable California statutes and regulations.

## GENERALLY APPLICABLE FACTS

1. Since on or about 2022, the Santa Cruz County Public Defender's office has operated as a branch of the County of Santa Cruz ("County").

2. Prior to 2022, the County of Santa Cruz operated its criminal public defender services through contracts with local private law firms.

3. In approximately 2018 and 2019, the operation of the County came under close scrutiny and criticism for its operations and management of public funds.

4. The Report noted that for almost 50 years, the County's main public defender (also called "public defense") contract was with a single private law firm. It noted also that two other private law firms were also contracted in order to avoid conflicts in multiple defendant cases. . (*Id.*)

5. However, in 2022, the County decided to largely eliminate its contract with various private law firms.

6. The County then created the Office of Public Defender internal to its own operations.

7. The County further hired Heather Rogers as the head "Public Defender" responsible for the Office's operations.

*Plaintiff's Protected Status as a Transgendered Person*

8. Plaintiff is a trans-gendered person, having transitioned from female to male many decades ago.

9. Plaintiff does not inform others casually about his transition, preferring his personal privacy regarding his health choices and medical history.

10. Plaintiff truly was enriched personally and professionally by his work, giving back to the community in which he lived for many decades. He was never disciplined during the entire period of his employment as a Public Defendant Investigator.

*Public Defenders' Office Reorganization*

11. On or about 2022, after considerable public scrutiny and controversy over its operations, the County of Santa Cruz changed the organization of the Public Defenders' office.

12. The County, through its newly chosen Public Defender Heather Rogers, required all existing personnel working for the Public Defender to re-apply for their positions.

13. As a part of the reapplication process, all staff were required to have a

1  comprehensive medical examination and disclosure of life-long comprehensive medical records
2  as a criterion for returning to their jobs after the reorganization.

3      14.    These examinations would have revealed Plaintiff's transition and other medical
4  facts that were private and/or were not properly the subject of examination or inquiry by any
5  current or prospective employer.

6      15.    As a former colleague and the newly appointed head of the Public Defenders'
7  Office, Heather Rogers was aware of Plaintiff's transgender status.

8      16.    Plaintiff requested that his privacy be respected, and an exception be made such
9  that he did not have to reveal his medical history or undergo the intensive medical examination
10 required of him to maintain his livelihood.

11     17.    Plaintiff's former colleague and newly appointed Public Defender Heather Rogers
12 refused to make any alterations to the demand for medical examination or medical records.

13     18.    As such, Defendants refused Plaintiff's reasonable requests, and prevented him
14 from resuming livelihood and service to the citizens of the County of Santa Cruz.

15     19.    Heather Rogers informed those in the prior Public Defender roles, including
16 Plaintiff, that they would be rehired, but only after they passed a pre-hire medical screening. This
17 screening would include submission of a full medical history, medical records, disclosure of all
18 medical diagnoses and conditions and surgical histories.

19     20.    For example, the County's Medical Questionnaire inquired without limitation
20 information regarding but not limited to the following

21     a.    All information regarding past surgeries;
22     b.    All medical history from birth regarding numerous medical and physiological
23     conditions;
24     c.    All medical history from women regarding menstruation and pregnancies;
25     d.    All past broken bones; and even
26     e.    All allergies.

27     21.    The pre-medical screening also included a full medical examination by a physician
28 of the County's choosing. The examination included but was not limited to the following:

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

      a. Blood testing;

      b. Chest x-rays;

      c. Spirometry;

      d. Tuberculosis testing;

      e. Examinations of metabolism

      f. Vision tests;

      g. Hearing tests; and

      h. Urine tests.

22. Heather Rogers was aware that Plaintiff was a transgendered person.

23. Heather Rogers was aware that Plaintiff's transition and related surgeries had taken place many years prior to these events.

24. Heather Rogers was aware that no other Public Defenders were aware that Plaintiff had undergone transgender surgery.

25. Plaintiff also has other protected medical conditions include such as Type 2 Diabetes.

26. On information and belief, the Government Defendants were also aware or likely to have known, of Plaintiff's medical history and conditions.

27. Nevertheless, under the new policy adopted by Defendants, Plaintiff was forced to disclose his medical history, provide all of his medical records and undergo a physical exam as a condition prior to being rehired.

28. Plaintiff refused to participate in this medical screening.

29. Plaintiff informed Rogers that this was a violation of his personal privacy.

30. Plaintiff informed Rogers that he did not want his medical history to be disclosed to anyone employed by the County or Public Defender Employees, regardless of assurances of confidentiality.

31. As a result, Plaintiff's opportunity to be hired into the same position that he held for *seventeen years* was eliminated.

32. Plaintiff was not given any opportunity to appeal against the new policy, nor was

any accommodation made for their medical history and desire for privacy.

33. The existence and status of Plaintiff's medical procedures and history are not necessary for his position. The job description presented to Plaintiff required no unusual amount of physically strenuous activity. It did not require reaching, lifting, standing, walking, running in any direct of quantified manner.

34. Since he began in this position in 2004, Plaintiff has not been required to perform any of these activities in his job.

35. Also, since 2004, Plaintiff has not shown any difficulties in interfacing with the public in his position in relation to these activities.

36. No other county adjacent to Santa Cruz requires medical evaluations and examinations for the same position as demanded of Plaintiff.

37. Plaintiff was not offered any reasonable accommodations with regard to their requests.

38. On information and belief, nearly all of the other staff persons working in the capacity of public defenders and their support staff subjected themselves to the medical history and physical examination policies and were rehired.

39. The invasiveness of the requested medical screening, review of records and medical examination violates Plaintiff's fundamental privacy rights and has a disparate impact on disabled and trans employees like Plaintiff.

## JURISDICTIONAL FACTS

40. Plaintiff is informed and believes and thereon alleges that Defendant County of Santa Cruz and the Public Defenders offices both have a principal place of business which is located at 701 Ocean Street, Santa Cruz, CA 95060.

41. Defendant Carlos Palacios is and was at relevant times the County Administrative Officer of the County of Santa Cruz.

42. Defendant Heather Rogers is and was at relevant times the Public Defender of the County of Santa Cruz.

43. Defendant The County of Santa Cruz is a governmental entity located in California.

44. Defendant The County of Santa Cruz - Public Defender is a governmental entity which at relevant times was internalized as a governmental department of the County of Santa Cruz.

45. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 5, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by Defendants.

46. Plaintiff is informed and believes, and based on such information and belief alleges, that at all times herein mentioned, each of the Defendants named herein was acting as an agent, master, servant, employer, employee or partner of the remaining Defendants; was acting within the course and scope of said agency or employment relationship; and was acting within the course and scope of said agency or employment relationship; and was acting with the consent, permission, and authorization of each of the remaining defendants. Plaintiff is also informed and believes that all actions of each defendant alleged in this complaint were ratified and approved by the officers or managing agents of every other defendant.

47. This Court has subject matter jurisdiction as this case is based on an issue of federal question as the acts alleged herein arise under the U.S. Constitution and laws of the United States. *See* 28 U.S.C. Section 1331 (Federal Question).

48. Venue is proper as Defendants include the County of Santa Cruz and the actions from which this lawsuit derive from acts within the Northern District of California.

49. Plaintiff has filed this matter as a "DOE" defendant to prevent release of his name based on the sensitive privacy matters on which this matter is based. Plaintiff intends to immediately discuss the issue of privacy with regard to pleadings with Defendants or their counsel at the earliest opportunity, including preparation of a motion to seal, a confidentiality

agreement or both as deemed appropriate by application of existing law, stipulation of the parties and ruling of all courts in which this matter is or is expected to be pending.

**EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

50.     On December 31, 2023, Plaintiff filed a complaint for discrimination under the provisions of California's Fair Employment and Housing laws with the Department of Fair Employment and Housing against Defendant County of Santa Cruz. Plaintiff received a notice of case closure and right to sue notice on the same day, authorizing him to file a private lawsuit against Defendant County in order to enforce his rights as to those causes of action based on FEHA to full and equal employment opportunities free from unlawful discrimination. Plaintiff has exhausted all administrative remedies required by FEHA as a prerequisite to filing this action.

**CAUSES OF ACTION**

**CAUSE OF ACTION NO. 1**

**(Violation of 42 U.S.C. § 1983 For Violation of**

**Civil Rights Based on Informational Privacy)**

**(*As Against All Defendants*)**

51.     Plaintiff incorporates Paragraphs 1 - 62 as if restated herein in their entirety.

52.     Defendant(s) intentionally violated Plaintiff's right to privacy to maintain his personal health information as private.

53.     In doing so, Defendant(s) and each of them were acting or purporting to act under the color of law in the performance of her official duties as the Public Defender of the County of Santa Cruz.

54.     Defendants had no compelling reason for justifying the disclosure of Plaintiff's medical, surgical, gender and other health-related information. In particular, the fact that Plaintiff

is transgender has no relation to whether or not Plaintiff was fit to do perform the work that he had done for over 18 years as public defender investigator.

55. Defendants conduct violated Plaintiff's rights, privileges and immunities secured by the Constitution and laws of the United States, namely to privacy with regard to his medical, surgical, gender and other health-related information;

56. Plaintiff was harmed by this conduct in that he was unable to be re-hired as an investigator despite his years of service without blemish.

57. Defendant's actions were a substantial factor in causing Plaintiff's harm.

58. As a result of Defendants' actions, Plaintiff seeks injunctive relief, monetary damages and attorney fees pursuant to Section 42 U.S.C. Section 1988(b).

**CAUSE OF ACTION NO. 2**

**(Violation of Article 1, Section 1 of the California**

**Constitution and the Right to Privacy)**

*(As Against All Defendants)*

59. Plaintiff incorporates Paragraphs 1 - 70 as if restated herein their entirety.

60. Plaintiff's claims that Defendant(s) violated their right to privacy.

61. Plaintiff had a reasonable expectation of privacy in maintaining his private medical, surgical, gender and health conditions and records.

62. Knowing that Plaintiff was transgender and that he did not want this information disseminated to the public, including but not limited to county and public defender staff, Defendant(s) intentionally intruded in demanding that Plaintiff undergo intrusive medical testing, disclosure of medical and surgical information that was not reasonably needed in order to perform the job duties of a public defender investigator.

63. Defendant(s)'s intrusion was highly offensive to a reasonable person.

64. Plaintiff was harmed as he was in effect intentionally barred from re-applying for the job that he had performed for years of service to the County of Santa Cruz.

65. The conduct of Defendant(s) was a substantial factor in causing Plaintiff's harm.

66. As a result of Defendant(s)'s actions, Plaintiff seeks injunctive relief, monetary damages and attorney fees.

### CAUSE OF ACTION NO. 3

### (Breach of Medical Privacy – Gov't Code Section 12940(e))

### (*Only as Against Defendant County of Santa Cruz and DOES 1-25*)

67. Plaintiff incorporates Paragraphs 1 - 78 as if restated herein in their entirety.

68. At all times material to the complaint, Government Code § 12940(e) was in full force and effect and was binding on Defendant. That subsection of the FEHA makes it an unlawful employment practice for an employer to require any medical or psychological examination of an applicant, to make any medical or psychological inquiry of an applicant, to make any inquiry whether an applicant has a mental disability or physical disability or medical condition, or to make any inquiry regarding the nature or severity of a physical disability, mental disability, or medical condition.

69. As alleged, in part, above, Defendant violated this provision of the FEHA by making overbroad, intrusive medical inquiries beyond what is permissible or required by the interactive process and which were not job-related and consistent with business necessity.

70. As a proximate result of Defendant's willful, knowing, and intentional failures to prevent and remedy unlawful behavior, Plaintiff sustained economic losses, humiliation, emotional distress, and mental and physical pain and anguish in an amount subject to proof.

71. On information and belief, the persons who committed the unlawful acts described herein were officers, directors, or managing agents of Defendant acting within the scope of this employment. Moreover, Defendant aided, abetted, incited, compelled, and/or coerced the commission of this discrimination. The unlawful acts described herein were committed with oppression, fraud and/or malice and were authorized, ratified, or both by such officers, directors, or managing agents. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive damages in an amount according to proof.

72. As a result of Defendant's actions, Plaintiff seeks injunctive relief, monetary damages and attorney fees.

**CAUSE OF ACTION NO. 4**

**(Discrimination and Failure to Hire in Violation of the**

**California Medical Information Act (CMIA) Section 56 et seq.)**

(*Only as Against Defendant County of Santa Cruz and DOES 1-25*)

73. Plaintiff incorporates Paragraphs 1 – 84 as if restated herein in their entirety.

74. Plaintiff is a transgender person, but has kept this information private throughout his employment as a Public Defender Investigator for the County of Santa Cruz. At some point in his employment, Plaintiff disclosed the fact that he was transgender to Heather Rogers but with an expectation of privacy in this regard.

75. On or about 2022, the County of Santa Cruz decided to revise the structure of the Public Defender office such that existing contracts of all persons engaged in the provision of those services to the County were to be terminated and all such persons interviewed and rehired into their same positions.

76. Plaintiff sought to be rehired for his position.

77. In order to be awarded his same position, Defendant required and demanded that Plaintiff to provide comprehensive, life-long medical records including information on surgeries, procedures and other medical conditions not relevant to his job as an investigator.

78. Likewise, Defendant required Plaintiff to subject himself to a detailed medical examination by a physician selected by the County.

79. Plaintiff believed that making these requests as a condition precedent to his being re-hired into the position of Public Defender Investigator was discriminatory.

80. Plaintiff asked Heather Rogers, who was the new Public Defender in charge of rehiring for the County, that he be exempted from this requirement.

81. Heather Rogers refused his request.

82. As such, Plaintiff did not provide such medical records or submit to such an examination.

83. Plaintiff's refusal to provide the medical records, information and subject themselves to a medical examination was a substantial motivating reason for Defendants' decision to refuse to rehire Plaintiff.

84. Plaintiff's refusal to sign medical record authorizations and submit to an examination were substantial motivating reasons for Defendants' decision to refuse to rehire Plaintiff.

85. Plaintiff was harmed.

86. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

87. As a result of this discrimination, Plaintiff seeks injunctive relief, monetary damages and attorney fees.

///

///

# CAUSE OF ACTION NO. 5

## FOR DISCRIMINATORY FAILURE TO HIRE

## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ. AND 11030

(*Only as Against Defendant County of Santa Cruz and DOES 1-25*)

88. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 99 herein.

89. At all relevant times hereto, the FEHA was in full force and effect and was binding upon Defendant.

90. At all relevant times hereto, Plaintiff was a qualified individual and Defendant was a qualified employer.

91. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

92. FEHA requires Defendant to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of disability and/or medical condition, real or perceived, and engagement in protected activities from occurring.

93. Plaintiff was a member of multiple protected classes as a result of Plaintiff's gender, medical condition and the incorrect perception that Plaintiff may have been suffering from a disability and/or medical condition.

94. Prior to the 2022 re-organization of the County's Public Defender's office, Plaintiff had been performing competently in the position of Public Defender Investigator for nearly 18 years.

95. Defendant was aware of his transgender status through its newly selected Public Defender, Heather Rogers.

///

96. Plaintiff suffered the adverse employment actions of failure to be hired hire, reinstated and/or allowed to return to the work he had been performing for over 18 years and was harmed thereby.

97. Plaintiff is informed and believes that Plaintiff's protected characteristics under Government Code §12940(a), (d), (e), (j) and (k), *inter alia* and §11030 were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

98. Defendant has no basis for requesting information relating to Plaintiff's transgender status.

99. Defendant's conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

100. Defendant's conduct was intended to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

101. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**CAUSE OF ACTION NO. 6**

**Unfair Competition - California Bus. and Prof. Code § 17200)**

**(*Only as Against Defendant County of Santa Cruz and DOES 1-25*)**

102. Plaintiff incorporates Paragraphs 1 - 113 as if restated herein in their entirety.

103. At all times material to this complaint, Business & Professions Code § 17200 (UCL) has been in full force and effect and was binding on Defendant.

///

104. Section 17200 makes it unlawful for any business to engage in any unlawful or unfair business practices.

105. As a result of Defendant's discrimination and other unlawful and unfair business practices alleged herein, Plaintiff has been harmed.

106. Defendant's acts constitute a continuing and ongoing unfair and unlawful activity prohibited by Business and Professions Code §§ 17200 et seq., and justify the issuance of an injunction, restitution, and other equitable relief pursuant to Business and Professions Code §17203. All remedies are cumulative pursuant to Business and Professions Code § 17205. Defendant's actions and failures to act alleged above, including, without limitation, Defendants' discrimination and wrongful termination were unfair, unlawful, and fraudulent within the meaning of the UCL.

107. Defendant's actions and failures to act alleged above, including, without limitation, Defendant's discrimination and wrongful termination were unfair, unlawful, and fraudulent within the meaning of the UCL.

108. Defendant's acts constitute a continuing and ongoing unfair and unlawful activity prohibited by Business and Professions Code §§ 17200 et seq., and justify the issuance of an injunction, restitution, and other equitable relief pursuant to Business and Professions Code §17203.

## PRAYER

**Wherefore,** Plaintiff prays for judgment against each Defendant as follows:

### On All Causes of Action:

1. For all compensatory damages (including without limitation, direct, indirect, incidental, consequential, general, special, economic, and non-economic damages) in an amount according to proof at trial;

2. For exemplary and punitive damages in an amount appropriate to punish Defendants and each of them and sufficient to deter them from engaging in similar misconduct according to proof at trial;

3. For costs of suit incurred herein.

4. For prejudgment and post judgment interest;

5. For attorney fees as allowed by the facts demonstrated and applicable law;

6. For statutory fees as allowed by applicable law;

7. For such other and further relief as the court may deem just and proper.

8. For an order enjoining the Defendants and each of them from engaging in the herein described unlawful employment practices which violate the FEHA;

9. For reasonable attorneys' fees.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury.

Date: _____, 2024                SHINING & PARK LAW LLP

_____
Carolin K. Shining, Esq.
Brian D. Park, Esq.
Attorneys for Plaintiff
JOHNDOE

Proof of Service